CEM
Case 1:07-cv-06907   Document 1   Filed 12/07/2007   Page 1 of 9

FILED
DECEMBER 7, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

0292-21380                                                  JFF/mem

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6907**

| | |
|---|---|
| LEAF FUNDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                    ) No. | **JUDGE LEFKOW** |
| ) | **MAGISTRATE JUDGE MASON** |
| RED STAR SPANISH FORT, INC.; RED STAR ) | |
| AMERICA, INC.; RDG CHICAGO, INC.; BAR LOUIE ) | |
| AMERICA, INC.; ROGER GREENFIELD; and ) | |
| THEODORE V. KASEMIR, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LEAF Funding, Inc. ("LEAF"), by and through its attorneys, Foran Glennon Palandech & Ponzi, P.C., and for its Complaint against the Defendants, Red Star Spanish Fort, Inc. ("Red Star Spanish Fort"), Red Star America, Inc. ("Red Star"), RDG Chicago, Inc. ("RDG"), Bar Louie America, Inc. ("Bar Louie America"), Roger Greenfield ("Greenfield"), and Theodore V. Kasemir ("Kasemir"), states as follows:

**JURISDICTION AND PARTIES**

1.    Plaintiff, LEAF Funding, Inc., is a Delaware Corporation with its principal place of business in Wilmington, Delaware.

2.    Upon information and belief, Defendant, Red Star Spanish Fort, Inc., is an Illinois corporation with its principal place of business located at 1840 Pickwick Lane, Glenview, Illinois.

3. Upon information and belief, Defendant, Red Star America, Inc., is an Illinois corporation with its principal place of business located at 1840 Pickwick Lane, Glenview, Illinois.

4. Upon information and belief, Defendant, RDG Chicago, Inc., is an Illinois corporation with its principal place of business located at 1840 Pickwick Lane, Glenview, Illinois.

5. Upon information and belief, Defendant, Bar Louie America, Inc., is an Illinois corporation with its principal place of business located at 1840 Pickwick Lane, Glenview, Illinois.

6. Upon information and belief, Defendant, Roger Greenfield, is a citizen of Illinois who resides at 555 Waters Edge Court, Northbrook, Illinois.

7. Upon information and belief, Defendant, Theodore V. Kasemir, is a citizen of Illinois who resides at 1920 Keats Lane, Highland Park, Illinois.

8. This dispute involves citizens from different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1391(a).

## BACKGROUND FACTS

9. On or about November 18, 2004, Pacific Financial Company ("Pacific Financial"), as Lessor, and Red Star Spanish Fort, as Lessee, executed a Master Lease Agreement (the "Master Lease Agreement") with respect to certain equipment (the "Equipment") described within the Equipment Schedule to the Master Lease Agreement (the "Equipment Schedule"). (Copies of the Master Lease Agreement and the Equipment Schedule are attached as "Exhibit A" and "Exhibit B," respectively.)

10. On or about January 7, 2005, Red Star Spanish Fort executed an Acknowledgement and Acceptance of Equipment by Lessee (the "Acceptance"), in which it accepted the Equipment and acknowledged that, upon acceptance, its obligations to Pacific Financial became absolute and irrevocable. (A copy of the Acceptance is attached as "Exhibit C.")

11. Under the Master Lease Agreement, upon default, Red Star Spanish Fort agreed to pay to Pacific Financial, or its assigns, all past due and all remaining payments due, plus interest at the rate of 10% per annum or the maximum per annum interest rate permitted by law, to return the Equipment at its expense, and to pay reasonable collection costs and attorneys' fees.

12. On or about February 9, 2005, Red Star Spanish Fort and Pacific Financial executed an Amendment to the Equipment Schedule (the "Amendment") (collectively with the Master Lease Agreement and the Equipment Schedule, the "Lease Agreement"), under which the parties agreed to reduce the monthly payments required under the Equipment Schedule. (A copy of the Amendment is attached as "Exhibit D").

13. Under the Lease Agreement, Red Star Spanish Fort agreed to make 60 monthly payments of $5,059.84.

14. On or about November 18, 2004, to secure payment of Red Star Spanish Fort's indebtedness, Red Star executed a corporate Guaranty (the "Red Star Guaranty"), under which it absolutely and unconditionally agreed to repay all monies owed by Red Star Spanish Fort to Pacific Financial or its assigns, plus the costs of collection, including reasonable attorneys' fees. (A copy of the Red Star Guaranty is attached as "Exhibit E.")

15. On or about November 18, 2004, to secure payment of Red Star Spanish Fort's indebtedness, RDG executed a corporate Guaranty (the "RDG Guaranty"), under which it absolutely and unconditionally agreed to repay all monies owed by Red Star Spanish Fort to

Pacific Financial or its assigns, plus the costs of collection, including reasonable attorneys' fees. (A copy of the RDG Guaranty is attached as "Exhibit F.")

16. On or about November 18, 2004, to secure payment of Red Star Spanish Fort's indebtedness, Bar Louie America executed a corporate Guaranty (the "Bar Louie America Guaranty"), under which it absolutely and unconditionally agreed to repay all monies owed by Red Star Spanish Fort to Pacific Financial or its assigns, plus the costs of collection, including reasonable attorneys' fees. (A copy of the Bar Louie America Guaranty is attached as "Exhibit G.")

17. On or about November 18, 2004, to secure payment of Red Star Spanish Fort's indebtedness, Greenfield executed a personal Guaranty (the "Greenfield Guaranty"), under which he absolutely and unconditionally agreed to repay all monies owed by Red Star Spanish Fort to Pacific Financial or its assigns, plus the costs of collection, including reasonable attorneys' fees. (A copy of the Greenfield Guaranty is attached as "Exhibit H.")

18. On or about November 18, 2004, to secure payment of Red Star Spanish Fort's indebtedness, Kasemir executed a personal Guaranty (the "Kasemir Guaranty"), under which he absolutely and unconditionally agreed to repay all monies owed by Red Star Spanish Fort to Pacific Financial or its assigns, plus the costs of collection, including reasonable attorneys' fees. (A copy of the Kasemir Guaranty is attached as "Exhibit I.")

19. On or about January 13, 2005, Pacific Financial assigned its rights and interests in the Lease Agreement to ACC Capital Corporation.

20. On or about February 9, 2005, ACC Capital Corporation assigned its rights and interests in the Lease Agreement to Santa Barbara Bank & Trust, a division of Pacific Capital Bank, N.A ("PCB").

21. On or about June 19, 2007, LEAF, as Buyer, and PCB, as Seller, executed an Asset Purchase Agreement (the "Purchase Agreement") in which the Lease Agreement was assigned to LEAF. (A copy of the Purchase Agreement is attached as "Exhibit J.")

22. LEAF has performed all terms and conditions required of it under the Lease Agreement.

## COUNT I--RED STAR SPANISH FORT, INC.

23. LEAF incorporates the allegations of Paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. Red Star Spanish Fort has failed to make payments under the Lease Agreement when due and as required.

25. As of August 11, 2007, Red Star Spanish Fort is in default under the Lease Agreement.

26. Pursuant to the Lease Agreement, Red Star Spanish Fort owes LEAF the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

## COUNT II--RED STAR AMERICA, INC.

27. LEAF incorporates the allegations of Paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Red Star owes LEAF, under the Red Star Guaranty, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

### COUNT III--RDG CHICAGO, INC.

29. LEAF incorporates the allegations of Paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. RDG owes LEAF, under the RDG Guaranty, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

### COUNT IV--BAR LOUIE AMERICA, INC.

31. LEAF incorporates the allegations of Paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Bar Louie America owes LEAF, under the Bar Louie America Guaranty, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

### COUNT V--ROGER GREENFIELD

33. LEAF incorporates the allegations of Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Greenfield owes LEAF, under the Greenfield Guaranty, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

### COUNT VI--THEODORE V. KASEMIR

35. LEAF incorporates the allegations of Paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. Kasemir owes LEAF, under the Kasemir Guaranty, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees.

## COUNT VII--RED STAR SPANISH FORT, INC.

37. LEAF incorporates the allegations of Paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. Pursuant to the Lease Agreement, LEAF is entitled to immediate possession of the Equipment upon default by Red Star Spanish Fort.

39. LEAF has attempted to repossess the Equipment.

40. Red Star Spanish Fort has failed to return the Equipment and is wrongfully retaining possession of the Equipment.

41. LEAF is entitled to an Order terminating Red Star Spanish Fort's right of possession in the Equipment and requiring Red Star Spanish Fort to gather and turn over the Equipment to LEAF.

## COUNT VIII--RED STAR SPANISH FORT, INC.

42. LEAF incorporates the allegations of Paragraphs 1 through 41, inclusive, as if fully rewritten into this paragraph.

43. Red Star Spanish Fort is in possession of the Equipment.

44. LEAF has demanded return of the Equipment.

45. Red Star Spanish Fort has failed to and refused to return the Equipment and is wrongfully retaining possession of the Equipment.

46. By refusing to return the Equipment, Red Star Spanish Fort has converted it.

WHEREFORE, Plaintiff, LEAF Funding, Inc., demands judgment as follows:

(1) As to Count I against Defendant, Red Star Spanish Fort, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(2) As to Count II against Defendant, Red Star America, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(3) As to Count III against Defendant, RDG Chicago, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(4) As to Count IV against Defendant, Bar Louie America, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(5) As to Count V against Defendant, Roger Greenfield, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(6) As to Count VI against Defendant, Theodore Kasemir, the sum of $151,321.86, plus interest thereon from and after August 11, 2007, at the rate of 10% per annum, plus reasonable collection costs and attorneys' fees;

(7) As to Count VII against Defendant, Red Star Spanish Fort, an Order terminating Red Star Spanish Fort's right to possession of the Equipment and requiring Red Star Spanish Fort to deliver the Equipment to LEAF;

(8) As to Count VIII against Defendant, Red Star Spanish Fort, judgment against Red Star Spanish Fort for compensatory and punitive damages, plus interest, together with attorneys' fees and such other relief as this Court deems just;

(9) For its Court costs; and

(10) For such further and other relief as to which it may be entitled.

Respectfully submitted,

_____
Jonathan F. Fiegen
FORAN GLENNON PALANDECH & PONZI, LTD.
A.R.D.C. #6276964
150 South Wacker Drive
Suite 1100
Chicago, Illinois 60606
(312)863-5000

Attorney for Plaintiff
LEAF Funding, Inc.

9